1

2

3

4

5

6                          **UNITED STATES DISTRICT COURT**

7                             **DISTRICT OF NEVADA**

8

9   TYRONE B. HUTCHINS,                    )
          #35000                           )
10                                         )
              Plaintiff,                   )              3:10-cv-00369-LRH-RAM
11                                         )
    vs.                                    )
12                                         )              **ORDER**
    NEVADA DEPARTMENT OF                   )
13  CORRECTIONS, *et al.*,                 )
                                           )
14            Defendants.                  )
    ───────────────────────────────────/

15

16          This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff's application

17  to proceed *in forma pauperis* is granted.  (Docket #1).  The court now reviews the complaint.

18  **I.  Screening Standard**

19          Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's

20  claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state

21  a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune

22  from such relief."  28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis

23  either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss

24  a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual

25  contentions are clearly baseless.  *Id.* at 327. The critical inquiry is whether a constitutional claim,

26  however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d

27  639, 640 (9th Cir. 1989).

28          Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided

for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

## II. Instant Complaint

Plaintiff, who is currently incarcerated at High Desert State Prison ("HDSP") has sued Nevada Department of Corrections ("NDOC"), as well as NDOC Director Howard Skolnik, James Baca, E.K. McDaniel, Debra Brooks, Northern Nevada Correctional Center ("NNCC") caseworker Pete Gibson,

NNCC caseworker Noal, NDOC Offender Management Division ("OMD"), NNCC Warden Jim Benedetti, Jeff Froschauer, and Does 1-50.  Plaintiff asserts that while in NDOC custody he has suffered heart attacks and related heart and blood pressure problems and has twice been emergency transported from ESP for medical care.  Plaintiff claims that defendants Baca, Noal, Benedetti, Gibson, Brooks, McDaniel, Skolnik and OMD transferred plaintiff back to a prison more than 50 miles from a major hospital in contravention to orders by Dr. Limich at ESP and Dr. Karen Gedney at NNCC.  Plaintiff later specifically states that Baca was "well-informed" of plaintiff's heart problems as well as the order (which plaintiff states "has been in the computer since 2006") but that Baca and Noal reclassified plaintiff for ESP.  He also alleges that Benedetti, Gibson, OMD, and Skolnik were informed of the situation and approved of and assisted with the transfer.  Plaintiff claims that upon his transfer to ESP, he brought the medical order to the attention of McDaniel and Brooks, but they refused to return him to an institution within 50 miles of a major hospital.  He states that he also filed numerous grievances with ESP medical staff and administration, without result.  Plaintiff alleges that these defendants knew of the doctors' orders and acted with deliberate indifference to his serious medical needs, in violation of his Eighth Amendment rights.

Plaintiff states that subsequently, in November 2009, he suffered a heart attack at ESP and was transported via life flight to Carson Tahoe Medical Center.  He states that he was then returned to NNCC, but ultimately was reclassified and transferred to High Desert State Prison.  Plaintiff claims that the situation has caused him to suffer "acute stress syndrome," which, together with his heart and blood pressure problems have constituted unnecessary and wanton infliction of pain and fear of death.

First, while plaintiff lists NNCC, ESP as well as Nevada State Prison ("NSP") in the caption, it does not appear that he intends to sue the institutions themselves, as they are not included in the "defendants" section of the civil rights action form, nor mentioned anywhere in the body of the complaint.  Accordingly, NNCC, ESP and NSP are dismissed from this action.

Next, while plaintiff names NDOC as a defendant as well as NDOC Offender Management Division, states and any governmental agency that is an arm of the state are not persons for purposes of § 1983.  *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th

Cir. 1997); *Hale v. Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc); *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991); *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007).  Section 1983 claims against states or a governmental entity that is an arm of the state, therefore, are legally frivolous.  *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989), superseded by statute on other grounds as stated in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).  Because NDOC is one of the arms of the State, it is not a person for the purposes of § 1983.  *See Doe*, 131 F.3d 836; *Black v. Nevada Dept. Of Corrections*,  2010 WL 2545760 at *2 (Slip Copy, June 21, 2010, D.Nev.).  Accordingly, the claims against NDOC and NDOC OMD are dismissed with prejudice.

Plaintiff also names Jeff Froschauer of OMD as a defendant.  However, plaintiff fails to set forth any facts regarding Froschauer whatsoever or implicating his involvement in any civil rights violation.  Jeff Froschauer is dismissed from this action.

With respect to the remaining defendants, plaintiff contends that they have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.  The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency."  *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).  A detainee or prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs."  *Id.* at 106.  The "deliberate indifference" standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm.  *Farmer*, 511 U.S. at 837.  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id.*

 In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton*

*v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), citing *Estelle*, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin v. Smith*, 974 F.2d 1050, 1050 (9th Cir. 1992) (*overruled on other grounds), WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Delay of, or interference with, medical treatment can also amount to deliberate indifference. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Clement v. Gomez*, 298 F.3d 898, 905 (9th Cir. 2002); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 1996); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, (9th Cir. 1997) (en banc); *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Where the prisoner is alleging that delay of medical treatment evinces deliberate indifference, however, the prisoner must show that the delay led to further injury. *See Hallett*, 296 F.3d at 745-46; *McGuckin*, 974 F.2d at 1060; *Shapley v. Nev. Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam). Plaintiff states an Eighth Amendment claim against the remaining defendants.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (docket #1) without having to prepay the full filing fee is **GRANTED**; plaintiff shall not be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

1    **IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner

2    Litigation Reform Act of 1996, the Nevada Department of Corrections shall pay to the Clerk of the

3    United States District Court, District of Nevada, 20% of the preceding month's deposits to the account

4    of Tyrone B. Hutchins, **Inmate No. 35000** (in months that the account exceeds $10.00) until the full

5    $350 filing fee has been paid for this action.  The Clerk shall send a copy of this order to the attention

6    of Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box 7011,

7    Carson City, NV 89702.

8    **IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise

9    unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the

10   Prisoner Litigation Reform Act of 1996.

11   **IT IS FURTHER ORDERED** that the Clerk shall **FILE** the complaint. (Docket #1-1).

12   **IT IS FURTHER ORDERED** that all claims against Nevada Department of Corrections

13   ("NDOC"), NDOC Offender Management Division ("OMD"), Ely State Prison, Northern Nevada

14   Correctional Center, Nevada State Prison, and Jeff Froschauer are **DISMISSED** with prejudice.  These

15   defendants are **DISMISSED** from this action.

16   **IT IS FURTHER ORDERED** that plaintiff's Eighth Amendment claims against defendants

17   Howard Skolnik, James Baca, E.K. McDaniel, Debra Brooks, Pete Gibson, Noal, and Jim Benedetti

18   **may proceed**.

19   **IT IS FURTHER ORDERED** that the Clerk **shall electronically serve a copy of this order,**

20   **including the attached Intent to Proceed with Mediation Form, along with a copy of plaintiff's**

21   **complaint, on the Office of the Attorney General of the State of Nevada, attention Pamela Sharp**.

22   The Attorney General shall advise the Court within **twenty-one (21) days** of the date of entry of this

23   order whether they can accept service of process for the named defendants and the last known address

24   under seal of the defendants for which they cannot accept service.  If the Attorney General accepts

25   service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other

26   response to the complaint within **thirty (30) days** of the date of the notice of acceptance of service.

27   **IT IS FURTHER ORDERED** that the parties **SHALL DETACH, COMPLETE, AND FILE**

28   the attached Intent to Proceed with Mediation Form on or before **thirty (30) days** from the date of entry

of this order.

   **IT IS FURTHER ORDERED** that henceforth, plaintiff shall serve upon defendants, or, if an appearance has been made by counsel, upon their attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for defendants.  If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein.  The Court may disregard any paper received by a district judge or a magistrate judge that has not been filed with the Clerk, and any paper which fails to include a certificate showing proper service.

   DATED this 15th day of September, 2010.

   _____
   LARRY R. HICKS
   UNITED STATES DISTRICT JUDGE

7

1    _____
     Name
2    _____
     Prison Number
3    _____
     Address
4    _____

5    _____

6                    UNITED STATES DISTRICT COURT
                          DISTRICT OF NEVADA
7
     _____,    )    Case No. _____
8                    Plaintiff,           )
                                          )
9    v.                                   )    **NOTICE OF INTENT TO**
                                          )    **PROCEED WITH MEDIATION**
10   _____      )
                                          )
11   _____      )
                     Defendants.          )
12   _____)

13          This case may be referred to the District of Nevada's early inmate mediation program.  The
     purpose of this notice is to assess the suitability of this case for mediation.  Mediation is a process by
14   which the parties meet with an impartial court-appointed mediator in an effort to bring about an
     expedient resolution that is satisfactory to all parties.
15
     1.     Do you wish to proceed to early mediation in this case? _____ Yes  _____ No
16
     2.     If no, please state the reason(s) you do not wish to proceed with mediation? _____
17
            _____
18
            _____
19
            _____
20
     3.     List any and all cases, including the case number, that plaintiff has filed in federal or state court
21          in the last five years and the nature of each case. (Attach additional pages if needed).
22
            _____
23
            _____
24
            _____
25
     4.     List any and all cases, including the case number, that are currently pending or any pending
26          grievances concerning issues or claims raised in this case. (Attach additional pages if needed).
            _____
27
            _____
28

                                                     8

_____

_____

5.   Are there any other comments you would like to express to the court about whether this case is suitable for mediation.  You may include a brief statement as to why you believe this case is suitable for mediation.  (Attach additional pages if needed).

_____

_____

_____

_____

**This form shall be filed with the Clerk of the Court on or before thirty (30) days from the date of this order.**

Counsel for defendants: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

Dated this _____ day of _____, 20_____.

_____
Signature

_____
Name of person who prepared or
helped prepare this document