UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| TYRONE B. HUTCHINS | ) | 3:10-cv-00369-LRH-WGC |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| vs. | ) | November 15, 2012 |
| NEVADA DEPARTMENT OF CORRECTIONS, *et al.,* | ) | |
| Defendants. | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>Katie Lynn Ogden</u>    REPORTER:  <u>            FTR            </u>

COUNSEL FOR PLAINTIFF:  <u>Tyrone Hutchins, In Pro Per (Telephonically)          </u>

COUNSEL FOR DEFENDANT(S):  <u>Elizabeth Hickman (Telephonically)          </u>

**MINUTE ORDER IN CHAMBERS: Motion Hearing**

9:30 a.m. Court Convenes.

The court advises the parties that this hearing has been scheduled to address multiple motions submitted by the plaintiff.  After discussion with the parties and good cause appearing, the court hereby orders the following:

**I. Plaintiff's Motion for Discovery (Dkt. #59)**

The court inquires whether Mr. Hutchins has served a request for production of documents or interrogatories on the defendants.  Mr. Hutchins indicates that he has not.  The court notes that defendants oppose plaintiff's Motion for Discovery (Dkt. #62) because they contend that plaintiff has not complied with the proper channels to seek discovery as provided in Federal Rules of Civil Procedure 33, 34 and 36.  Ms. Hickman informs the court that an errata to defendants' opposition (Dkt. #62) was filed prior to the instant hearing in an effort to move this case along more efficiently (Dkt. #66).  Ms. Hickman explains that a footnote had inadvertently not been included in Dkt. #62; however, it has been added to the said errata (Dkt. #66), which discloses the name plaintiff seeks in his Motion for Discovery (Dkt. #59).  The court will allow plaintiff to file a "Notice of Substitution" to name David Everett as a defendant in place of the current defendant Jane Doe.  Based on the information disclosed in defendants' Errata (Dkt.#66), plaintiff's Motion for Discovery (Dkt. #59) is **DENIED as moot**.

MINUTES OF PROCEEDINGS
3:10-cv-00369-LRH-WGC
Date: November 15, 2012
Page 2

### II. Plaintiff's Motion to Extend Time to Amend Complaint (Dkt. #58)

The court turns to plaintiff's Motion to Extend Time to Amend Complaint (Dkt. #58), which the court interprets as a motion to amend the scheduling order.  The court indicates that, as soon as plaintiff's notice of substitution is filed, the pleadings will be considered complete and the deadlines for the discovery plan / scheduling order are amended as follows:

- Discovery cut-off deadline: January 18, 2013
- Dispositive motions deadline: February 1, 2013
- Joint Pretrial Order deadline: February 19, 2013

Therefore, to the extent that plaintiff's Motion to Extend Time to Amend Complaint (Dkt. #58) is construed as a motion to amend the scheduling order, plaintiff's motion is **GRANTED**.

### III. Plaintiff's Motion for Appointment of Counsel (Dkt. #64)

The court addresses plaintiff's Motion for Appointment of Counsel (Dkt. #64). The plaintiff is advised that, under Ninth Circuit case authority, a litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel.  Furthermore, when the court tries to ascertain whether there are extraordinary circumstance that would warrant the appointment of counsel, it must base its decision on two factors: (1) the likelihood of success based on the merits of the case; and (2) the litigant's ability to articulate his or her claim.  The court finds in the instant matter plaintiff has not, at this point, demonstrated a likelihood of success and plaintiff is able to represent himself.  Therefore, plaintiff's Motion for Appointment of Counsel (Dkt. #64) is **DENIED** with leave to renew the motion at a later time if plaintiff deems appropriate.

### IV. Plaintiff's Motion to Stay Scheduling Order (Dkt. #65)

The court notes that plaintiff's Motion to Stay Scheduling Order (Dkt. #65) is **DENIED as moot**.  The court explains that it has amended the discovery deadlines and disposed of the motion for appointment of counsel, which were the bases of plaintiff's request for the stay.

**IT IS SO ORDERED.**

9:41 a.m. Court Adjourns.

LANCE S. WILSON, CLERK

By: _____/s/_____
Katie Lynn Ogden, Deputy Clerk