**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| TYRONE B. HUTCHINS, | ) | 3:10-cv-00369-LRH-WGC |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| NEVADA DEPARTMENT OF | ) | |
| CORRECTIONS, et. al. | ) | |
| | ) | |
| Defendants. | ) | |

    Before the court is Defendants' Motion to Strike Plaintiff's "Reply and Answer" to Defendants' Reply in Support of their Motion for Summary Judgment. (Doc. # 88.)[1]

    Defendants filed their motion for summary judgment on March 13, 2013. (Docs. # 73 (motion), # 74 (sealed exhibits).) Plaintiff requested and was granted an extension of time within which to file a response to Defendants' motion. (*See* Docs. # 77, # 78.)  Plaintiff filed his response on May 31, 2013. (Doc. # 79.) Defendants' filed their reply brief on June 14, 2013. (Doc. # 83.) At that point, the motion was considered fully briefed. Plaintiff subsequently filed a motion for enlargement of time to respond to Defendants' opposition to his motion for appointment of counsel and to oppose the reply brief filed by Defendants in support of their motion for summary judgment. (Doc. # 84.) The court denied this request, advising Plaintiff that

---

[1] Refers to court's docket number.

Local Rule 7-2 contemplates the filing of a motion, opposition and reply briefs, but not a sur-reply. (Doc. # 85.) Moreover, the court pointed out that Plaintiff had not set forth good cause justifying leave of court to file an additional brief. (*Id*.)

Despite the court's order, Plaintiff filed a brief in response to Defendants' reply. (Doc. # 87.) The court has reviewed the sur-reply, and the document itself provides no good cause justifying leave to file an additional brief. Instead, he sets forth boilerplate legal authority without any supporting factual argument. In addition, he asks the court to review a report by Dr. William Noel submitted in connection with another action which Plaintiff asserts will "shed light on the misrepresentations of...prison officials." (Doc. # 87.)

First, the court finds that Plaintiff's citation of legal authority that sets forth the elements of an Eighth Amendment claim based on deliberate indifference to a serious medical need adds nothing further to Plaintiff's argument.

Second, the court is familiar with Dr. Noel's report which arises from the *Riker* litigation. In *this* action, Plaintiff is tasked with proving that Defendants were deliberately indifferent to *his* serious medical need. Dr. Noel's report does not mention Plaintiff. Therefore, it is not relevant to *this* action, nor would it be appropriate to consider it in connection with Plaintiff's response to Defendants' motion for summary judgment.

///

///

///

///

///

///

///

As the court previously informed Plaintiff, Local Rule 7-2 contemplates the filing of a motion, response, and reply. There may be an occasion where a sur-reply is warranted—on a showing of good cause—but good cause does not exist here. Accordingly, Defendants' motion is **<u>GRANTED</u>** and the Clerk shall **<u>STRIKE</u>** Plaintiff's sur-reply (Doc. # 87).

**IT IS SO ORDERED**.

DATED:   November 27, 2013.

_____
**WILLIAM G. COBB**
**UNITED STATES MAGISTRATE JUDGE**